Filed 10/27/22  Vaish v. Regents of the U. of Cal. CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| LAVANYA VAISH, Plaintiff and Appellant, v. REGENTS OF THE UNIVERSITY OF CALIFORNIA, Defendant and Respondent. | B308262 (Los Angeles County Super. Ct. No. 19STCP05187) |

APPEAL from an order of the Superior Court of Los Angeles County, Mitchell L. Beckloff, Judge.  Affirmed.

The Appellate Law Firm and Berangere Allen-Blaine for Plaintiff and Appellant.

Paul, Plevin, Sullivan & Connaughton, Sandra L. McDonough and Joanne Alnajjar Buser for Defendants and Respondents.

_____

Lavanya Vaish was an undergraduate student at the University of California, Davis (UC Davis or the University). In September 2019, a judicial officer in the UC Davis Office of Student Support and Judicial Affairs (OSSJA) found that Vaish had committed multiple instances of plagiarism, as defined in the UC Davis Policy on Student Conduct and Discipline, and is "either unable or unwilling to abide by UC Davis polic[ies]." Based on these findings, UC Davis dismissed Vaish from the University. She appealed to the University's Associate Vice Chancellor, who affirmed the OSSJA's decision.

In December 2019, Vaish filed in the Los Angeles County Superior Court a petition for administrative mandamus to compel Regents of the University of California (Regents) to reverse its decision. (Code Civ. Proc., § 1094.5.)[1] The court denied the petition and entered judgment accordingly.[2]

On appeal, Vaish contends that the trial court erred in denying the petition because UC Davis denied her a fair hearing and the sanction of dismissal is unfair and excessive. We reject these arguments and affirm the judgment.

---

[1] Subsequent unspecified statutory references are to the Code of Civil Procedure.

[2] Vaish filed her notice of appeal on October 13, 2020, after the court denied her petition and prior to the entry of judgment. After the court entered judgment on November 30, 2020, we issued an order, upon the parties' stipulation, stating that we shall treat the notice of appeal as being filed immediately after the entry of judgment.

**FACTUAL AND PROCEDURAL SUMMARY**

**A.**   *Background:  Events Leading up to Deferred Separation Agreement*

In 2017, Vaish was an undergraduate at UC Davis. During the spring 2017 term, a computer science engineering instructor reported to OSSJA that Vaish's homework "shared unusual answers" on four problems with two other students. An official with the OSSJA determined that Vaish had "misrepresent[ed] copied or collaborative work as [her] own independent work."  Her actions constitute "academic dishonesty and violate[d] University policy" and "the *UC Davis Code of Academic Conduct*[,] which prohibits cheating on coursework." The official stated that "OSSJA will retain [Vaish's] name on file until [she] graduate[s]" and "warned" her against further violations of academic dishonesty.

During the fall 2017 term, Vaish was referred to the OSSJA based on allegations that Vaish and four other students in a computer science engineering class had submitted homework assignments with identical computer code.  In resolving this referral, Vaish signed a "Disciplinary Agreement."  According to the agreement, Vaish acknowledged that her "behavior violated the *UC Davis Policy on Student Conduct and Discipline*, Section 102.01.G:  Providing or obtaining unauthorized assistance on graded coursework."  Vaish agreed to be on "[d]isciplinary [p]robation," which "is defined as 'a status imposed for a specific period of time in which a student must demonstrate conduct that conforms to University standards. . . .  Misconduct during the probationary period or violation of any conditions of the [p]robation may result in further disciplinary action,

3

normally in the form of Suspension or Dismissal.' " Vaish also agreed to complete 15 hours of community service.

The OSSJA provided Vaish with a copy of the *UC Davis Code of Academic Conduct* and informed Vaish that "students may be disciplined for any violation of University policy, including those involving academic misconduct. Violators are subject to disciplinary sanctions that include Censure/Warning, Disciplinary Probation, Suspension or Dismissal from the University of California."

During the winter 2018/2019 term, the OSSJA received a third referral concerning Vaish. According to the referral, Vaish "copied from a project posted on [the website] GitHub" in connection with her "final project" in a computer science engineering class.[3] The OSSJA and Vaish resolved the referral by entering into a second disciplinary agreement, which we will refer to as the deferred separation agreement.[4] The deferred separation agreement states: "You [i.e., Vaish] understand that your behavior violated the *UC Davis Policy on Student Conduct and Discipline,* Section 102.01.B.2: Copying any work belonging to another person without indicating that the information is copied and properly citing the source of the work." Vaish agreed to accept, as a "Sanction and Condition[ ]," to a status of "Deferred Separation." (Underscoring omitted.)

According to the deferred separation agreement: "Deferred Separation means that you are giving up the right to a formal

[3] The University describes Github as "a non-University website where users can post questions and answers to homework." Vaish does not disagree with this description.

[4] Vaish was also required to complete an "online Academic Integrity Seminar."

4

hearing if reported again.  If reported, you would have the right to meet with a Judicial Officer who would review the evidence and decide if you are in violation.  If found in violation, you are likely to be suspended from the University for at least one year through Dismissal.  Please see the UC Davis Policy on Student Conduct and Discipline Section 105.13 . . . .  Your Deferred Separation applies if you are referred for an alleged violation of Sections 102.01–102.06 of the UC Davis Policy on Student Conduct and Discipline.  For alleged misconduct, not subject to deferred separation, you retain your right to a formal hearing."

At the time Vaish entered into the deferred separation agreement, section 105.13 of the UC Davis Policy on Student Conduct and Discipline Section provided:  "Deferred Separation, Deferred Suspension and/or Deferred Dismissal:  Defined as a delay in imposing a Suspension or Dismissal, which means that a Suspended or Dismissed student may be permitted to remain in school on condition that he/she agrees to waive the right to a formal factfinding hearing.  If the student whose Suspension/Dismissal has been deferred is later reported again, and admits or is found in violation by an OSSJA officer of having committed a subsequent violation of specified conduct standards, the deferred Suspension or Dismissal may be implemented at that time.  If referred[,] the student has an opportunity to meet with a judicial officer for an informal hearing.  At the informal hearing, the judicial officer tells the student the information supporting the report, allows the student to respond and to submit any relevant information on his or her behalf.  The student retains the right to remain silent and the student may bring an advisor; however, the student is expected to speak for himself or herself.  The student does not have the right to present

5

witnesses or confront or question any witnesses, although the OSSJA officer may contact and talk with others to help evaluate the alleged misconduct[.] 'Deferred Separation' means that OSSJA officer may impose any appropriate sanction, including Dismissal, after determining that a violation has occurred."

**B.** ***Referral Regarding Computer Science Course, ECS 150***

At the time Vaish entered into the deferred separation agreement during the spring 2019 term, she was enrolled in a computer science course (ECS 150) taught by Professor Joël Porquet. According to the syllabus for the course, "[v]iewing other students' homework submissions is strictly prohibited (including past students[)]," and "[a]ll online sources (stackoverflow[.com], etc.) must be properly cited in submissions."

After students in ECS 150 submitted their first two class projects—"P1" (project 1) and "P2" (project 2)—Porquet ran the submissions through a software tool that detects potential plagiarism. The program flagged Vaish's submission for both projects as potentially being plagiarized. Porquet then examined Vaish's submissions. Regarding Vaish's project 1 submission, Porquet "found different pieces of evidence in the code that were above the threshold of coincidence." In particular, "[t]here is a block of code that is strictly identical and also incorrect in a very specific way" and "[t]here are two other functions that are similar (same name, same code) which by themselves could be completely coincidental, but given the circumstances, it reinforces the theory of plagiarism."

Regarding Vaish's project 2 submission, Porquet stated: "the amount of similarity is staggering. [Vaish] tried to hide the

6

plagiarism by changing a few things (e.g., some variable names, etc.) but overall the code is still nearly identical."

Porquet also determined that Vaish's submissions are similar to submissions from other students that "had been left publicly accessible on github.com."

Porquet emailed Vaish and her project 1 partner, along with another team in class, stating that he had "found evidence that [the] two groups had collaborated too much (or used the same source?)." He described the evidence and indicated that he may "report this case to [OSSJA]." Regarding project 2, Porquet informed Vaish and her project 2 partner that their code was "very similar (and almost identical in some places) to another submission from last quarter." He asked Vaish to respond.

In her emailed response to Porquet on May 15, 2019, Vaish stated: "I admit to using online sources like [S]tack [O]verflow and at some instances I was stuck so I did refer to GitHub at certain points." She explained that, in working on project 1, she "looked at the online sources when [she] had a lot of bugs and errors," and that she "got a little of the logic part from [S]tack [O]verflow and . . . had asked someone in the room for help." Regarding project 2, Vaish said she did not "copy paste[ ] anything," but "did look at a lot of the online sources" and looked at "a program on Github to understand certain functions as [she] was out of time to figure them out on [her] own." She further stated that she did not realize that by "using the logic from [online sources]," she "was basically typing out the same/similar code and using the same/similar variable."

Porquet emailed Vaish on May 16, asking whether she would "confirm" that she found code from other students on Github "and copied some portions of it." He also asked Vaish

7

to identify the Internet address where she found certain code or identify the students who gave her the code.

Vaish responded to Porquet later that day. She stated that she "did not get the code from anyone or anywhere"; rather, she "looked up online sources to help [her] understand the logic and [she] googled [her] error to see if there was a fix to it."

On May 17, in response to a further inquiry from Porquet, Vaish stated that she is "accepting responsibility" for using "online websites and refer[ring] to different sources," and she acknowledged that she made "mistake[s]" in failing to cite her sources and by looking at the Internet for help. She further stated: "I am not denying my misconduct, especially for [project 2]. I did use the help of the internet a lot, as I was desperate to finish the program on time, . . . and I willingly admit to these wrongdoings." She denied, however, that she had gotten any "code from anyone."

On May 20, Porquet informed Vaish that he had submitted a report of academic misconduct to OSSJA. He also stated that he had found on Github the code that was "nearly identical" to Vaish's project 2 submission, and that a group of students from the prior quarter had left the code on the website.

Marilyn Derby is the OSSJA judicial officer who investigated and decided the ECS 150 referral. On May 23, Derby sent Vaish a letter notifying her that she had been reported for "cop[ying] code that was posted publicly on github" in ECS 150. Derby asked Vaish to contact her to schedule a meeting to discuss the matter. She informed Vaish that, pursuant to the deferred separation agreement, Vaish had waived her right to a formal hearing, but was entitled to an informal hearing. Derby further stated: "Please note that the

meeting you schedule with me will constitute that informal hearing.  When we meet, I will describe the information supporting the report and allow you to present your side of the story and submit any relevant information on your behalf.  You have the right to remain silent without any inference of culpability, and you may bring an advisor, but you are expected to speak for yourself if you choose to do so.  You do not have the right to present witnesses or confront or cross-examine any witnesses; however, I may contact other parties to help evaluate the matter as necessary.  After reviewing relevant information, I will then decide by a preponderance of the evidence whether you violated University policy or not, and will notify you of my decision in writing.  If you are found in violation, the University will impose appropriate disciplinary sanction(s); however, you will have the right to a written appeal."

Vaish met with Derby on June 11 and June 24 regarding the ECS 150 referral.  With the exception of notes apparently prepared by Derby, our record is silent as to what transpired during these meetings.  Derby's notes indicate that Vaish told Derby:  " 'I am not denying me cheating, but rather I am denying cheating in the way [Porquet] accuses me of cheating.' "  Vaish does not dispute making this statement.

After the June 11 meeting, Derby sent an email to UC Davis computer science professor Justin Perona.  Derby said she is overseeing "a case of alleged plagiarism of computer code" is "concerned that [her] knowledge of programming is insufficient to understand the student's explanations of what she did and why."  Derby asked Perona if he was available to assist her with understanding the evidence supporting the allegation and Vaish's explanations, and to opine on whether Vaish's "explanation is

9

sufficient to conclude that she did not plagiarize code." Perona declined the request because he believed his friendship with Porquet prevented him from being fair and impartial. Our record does not reflect whether Derby consulted with or obtained the opinions of persons other than Porquet.

On June 17, Porquet emailed to Derby a "document explaining almost everything [he] know[s] about the case concerning . . . Vaish's plagiarism" in the ECS 150 course. The document included copies of his email exchanges with Vaish (summarized above), and screenshots of Vaish's code side-by-side with code from the other students' submissions. Porquet pointed out multiple instances where Vaish's code shared particular variable names, function names, and mistakes with the other students' code. Finally, Porquet included a block of Vaish's code for what was "maybe the most complicated [function] to write," which was "almost identical" to the previous quarter's submission. He wrote: "The plagiarism here is very sloppy, as for example, [Vaish] didn't even change the variable names, . . . nor their order of declaration." Porquet concluded by saying that "the amount of evidence [against Vaish] is nearly impossible to dispute," and "I personally have no doubt that [Vaish] did violate my class rules, and by extension the Code of Conduct."

On June 24, Derby and Vaish met a second time. Derby asked Vaish to submit a response to Porquet's report and supporting documents. Two days later, Derby emailed Vaish, reminding her to send her response, and told Vaish that she would share Vaish's response with Porquet "and may get an additional opinion if [Derby] feel[s] the need to do so."

On July 5, Vaish sent Derby documents that included screenshots of "source code" she viewed from stackoverflow.com

10

and other sources. Vaish asserted that she used Github as a source because Porquet "never mention[ed] specifically that we are not allowed to use this website," and the Github code "was not another student's submission." She explained the lack of citations in her submission by stating that her partner was responsible for that part of their report.

On July 18, Derby emailed Vaish to say that she would "need to talk with a [computer science] professional who can compare your code to that on Github," and that she would draft her decision letter "once [she has] been able to do that."

### C. *Referral Regarding Math Course, MAT 145*

On August 3, 2019, before Derby's issued a decision on the ECS 150 referral, Professor Eric Severson—the instructor of Vaish's summer session math class (MAT 145)—reported to OSSJA that Vaish "has been plagiarizing solutions for homework[ ] in [the] class." Severson had become suspicious of Vaish because Vaish had received the lowest score in the class on her tests, yet her homework scores were among the highest, and Vaish's homework answers contained "advanced methods or math concepts" that Severson "had not mentioned in this course." Severson reported that "it is very clear that [Vaish] found solutions online," and one particular homework submission "was clearly copied from a solution [Severson] found online." Severson did not, however, save an image or screenshot of the online solution. Severson subsequently reported to Derby that someone had "copy pasted a question directly out of [his] homework" on a website known as "Chegg"; that another person posted a solution to the question; and Vaish's answer to the homework question "is clearly plagiarizing this solution."

11

On August 6, Derby sent Vaish written notice of the report concerning MAT 145 that she has "been copying solutions found online." Derby reminded Vaish of her deferred separation agreement and waiver of a formal hearing, and asked Vaish to schedule a meeting for her "informal hearing."

Derby met with Vaish regarding the MAT 145 referral on August 14. As with other meetings between them, our record is generally silent as to what occurred. According to Derby's subsequent decision, Vaish stated during the meeting that she went online to learn concepts, but not to get answers, and that she denied using Chegg and denied having a Chegg account.

Sometime after their August 14 meeting, Derby received from Chegg copies of the subject homework question and answer that had been posted on the website. Severson confirmed that the posted question matched his homework question. The answer to the question posted on Chegg and Vaish's handwritten homework answer are substantially similar.

On August 27, Derby received a report from Chegg that revealed that the MAT 145 question had been posted on July 19, 2019 by a UC Davis student with an email address that began with "vaish.lavanya[ ]."

Derby and Vaish were scheduled to meet again the next day. Although our record does not reveal whether they met in person as scheduled, Vaish indicated that they spoke by telephone and discussed the information Derby received from Chegg. Vaish described the email address Chegg provided to Derby as her "old abandoned email address."

## D. *Derby's Decision*

On September 3, 2019, Derby issued her decision concerning the ECS 150 and MAT 145 referrals. She determined

that the "preponderance of evidence" in both cases "supports the conclusion that [Vaish's] behavior violated [section 102.01.B of] the UC Davis Code of Academic Conduct under the UC Davis Policy on Student Conduct and Discipline." The cited section provides: "Plagiarism – Taking credit for any work created by another person. Copying any work belonging to another person without indicating that the information is copied and properly citing the source of the work."

Regarding the ECS 150 referral, Derby cited Professor Porquet's evidence of similarities between variable names and function names and stated that she found Vaish's evidence unpersuasive: "I do not believe that you saw the code you provided from Stack Overflow and came up with code that is nearly identical to the code on GitHub by coincidence. The same was true for the other examples your instructor provided as evidence. You did provide one example of code you got from Stack Overflow, but it was not one of the examples of code that was nearly identical to code from GitHub."

Regarding the MAT 145 referral, Derby relied on the evidence from Professor Severson that someone had posted a particular question from his homework on the Chegg website on July 19, 2019; someone else posted a solution to that question the next day; and Vaish's answer to the question was "the same" as the posted solution. Derby further stated that she contacted Chegg, which informed her on August 27 that the person who posted the question gave his or her name as " 'Lav Dee,' " identified as a UC Davis student, and has an email address that begins with "vaish.lavanya[ ]."

In discussing the sanction for the violations, Derby set forth Vaish's history of misconduct, including the referrals that

13

were previously resolved on May 5, 2017, January 30, 2018, and April 11, 2019. Derby stated that she is "particularly concerned that the [MAT 145 incident] occurred after [she and Vaish] had been discussing the referral for ECS 150 and [Vaish was] aware that [she] would be facing dismissal if found responsible for the allegations related to ECS 150."

In imposing the sanction of dismissal, Derby explained: "The University has provided numerous opportunities for you to understand and comply with the expectations regarding academic honesty. Despite our efforts to help you to understand the rationale for the policies, you have repeatedly engaged in academic misconduct. Your pattern of behavior demonstrates a consistent lack of commitment to follow the UC Davis Code of Academic Conduct and Standards of Conduct for Students. When a student demonstrates that they are either unable or unwilling to abide by UC Davis polic[ies], they cannot continue as a student or earn a degree from UC Davis. Given the nature of these referrals, the aggravating factors of your dishonesty, and your prior academic misconduct, Dismissal from the University of California is the appropriate sanction."

### E.    *Vaish's Internal Appeal*

Vaish appealed the decision to Sheri Atkinson, Associate Vice Chancellor of Student Affairs at UC Davis. Atkinson characterized Vaish's arguments as: (1) Derby's decision lacked substantial basis in fact; (2) the hearing process was unfair; and (3) there was new evidence not known at the time of the decision. In her written statement in support of her appeal, Vaish admitted looking at Github, but explained that the code she viewed "did not belong to a student at UC Davis and the professor never once said that [the students] could not use Github

14

as a reference code." Vaish argued that her hearing was unfair because Derby had repeatedly cited the need to consult an outside expert, but had abruptly decided to judge the code for herself: "If she was going to look at the code herself," Vaish asked rhetorically, "why did she wait nearly four months to resolve this case?" Vaish's new evidence consisted of an email from Chegg to her confirming that as of September 19, 2019, there was no Chegg account under her name or the email address that included her name.

On October 11, 2019, Atkinson denied Vaish's appeal. Atkinson explained that, although Vaish is correct that the ECS 150 students were permitted to use online resources, "the instructions provided by [Porquet] explicitly state that students are required to properly cite the online resources" they use. Vaish admitted to using online sources without citation, which, Atkinson stated, "constitutes plagiarism." The evidence of similarities between her submissions and online sources provided substantial evidence to support Derby's decision.

Atkinson rejected Vaish's arguments concerning the fairness of the proceeding because Derby had given Vaish "numerous opportunities to provide [her] perspective, present evidence, and discuss [her] referral." Any failure by Derby to compare Vaish's work with the online sources was immaterial because "this comparison would not change the core issue [that] you accessed online resources to inform your code without proper citations."

Atkinson rejected Vaish's reliance on the new evidence of Chegg's email indicating the absence of an account in her name or associated with her email address. Atkinson explained: "The policy violation in question is regarding plagiarism, not online

15

postings. While the email account and name that Chegg initially identified as being associated with the account supports the findings, the content of your homework submissions in MAT 145 constitute plagiarism as outlined in the UC Davis Policy on Student Conduct and Discipline regardless of the posting being connected to you."

Atkinson informed Vaish that there are no further appeal rights and that the matter is closed.

### F.    *Petition for Writ of Mandamus*

On December 5, 2019, Vaish filed a petition for a writ of administrative mandamus in the Los Angeles County Superior Court.[5]  She argued that UC Davis failed to grant her a fair hearing and that Derby abused her discretion by failing to provide her with evidence of the source documents she allegedly plagiarized and by failing to obtain a computer science expert to evaluate the evidence.  She further argued that she was deprived of her right to confront and question the instructors who accused her and that Derby based her decision in part on evidence that Vaish had not seen.  Vaish also asserted that the sanction of dismissal from the University is excessive.

On September 14, 2021, the court denied Vaish's petition. The court stated it reviewed the issue of the fairness of the administrative proceeding "as a question of law," and reviewed

---

[5] In her petition, Vaish sought a writ of administrative mandate under section 1094.5 and a writ of traditional mandate under section 1085.  The trial court treated the petition as a petition for administrative mandate, and Vaish does not challenge such treatment on appeal.

16

the University's factual findings to determine whether they are supported by substantial evidence.

In rejecting Vaish's claim that UC Davis did not provide her with a fair hearing, the court explained that Vaish received the informal hearing she "had agreed to" in the deferred separation agreement, and the University "complied with its own rules under the Deferred Separation agreement." The court also rejected Vaish's argument that the University should have provided her with copies of the source documents she allegedly plagiarized. The court reasoned that Vaish's statements to Derby and her instructors "established [Vaish's] violations of the UC Davis Policy on Student Conduct and Discipline."

The court rejected Vaish's argument that she was denied the right to confront and cross-examine witnesses because, among other reasons, Vaish waived any right to confront or question witnesses in the deferred separation agreement.

Lastly, the court concluded that the University did not abuse its discretion in dismissing Vaish.

Vaish timely appealed.

## DISCUSSION

### A. *Standards of Review*

We review a judgment on a petition for writ of administrative mandate under the same standards the trial court applied in evaluating the underlying decision. (*Doe v. Regents of University of California* (2016) 5 Cal.App.5th 1055, 1072.) We thus determine "whether the respondent has proceeded without, or in excess of, jurisdiction; whether there was a fair trial; and whether there was any prejudicial abuse of discretion." (Code

17

Civ. Proc., § 1094.5, subd. (b).)[6]  A "fair trial" in this context
means a " ' "fair administrative hearing." ' " (*Doe v. University
of Southern California* (2016) 246 Cal.App.4th 221, 239.)  "We
review the fairness of the administrative proceeding de novo."
(*Ibid.*)

An abuse of discretion in this context "is established if the
respondent has not proceeded in the manner required by law, the
order or decision is not supported by the findings, or the findings
are not supported by the evidence."  (Code Civ. Proc., § 1094.5,
subd. (b).)  In determining whether the findings are supported
by substantial evidence, " 'we resolve all conflicts in the evidence
and draw all inferences in support of the agency's findings.' "
(*Alpha Nu Assn. of Theta XI v. University of Southern California*
(2021) 62 Cal.App.5th 383, 411.)  "Credibility is an issue of fact
for the finder of fact to resolve [citation], and the testimony of
a single witness, even that of a party, is sufficient to provide
substantial evidence to support a finding of fact.  (*Doe v. Regents
of University of California, supra*, 5 Cal.App.5th at p. 1074.)

"We review the penalty imposed by an administrative
body for an abuse of discretion."  (*Doe v. Regents of University
of California, supra*, 5 Cal.App.5th at p. 1106.)  We do not
substitute our views " 'for that of the administrative agency
concerning the degree of punishment imposed.' "  (*Ibid.*)

## B.    *Fairness of the Hearing*

Vaish contends that UC Davis denied her a fair hearing
because "there was never even an actual hearing, just a series of
meetings between [her] and [Derby], who served as investigator,

---

[6] Vaish raises no issue concerning the university's
jurisdiction concerning the matter.

18

prosecutor, and judge." Vaish further contends that she was denied "the opportunity to cross-examine her accuser."

Vaish's arguments ignore her deferred separation agreement. Indeed, Vaish does not mention the agreement in her opening brief. Under that agreement, Vaish, who, at the time she entered into the agreement had been found to have committed three incidents of academic misconduct and was subject to dismissal from the University, was permitted to remain a student based upon her waiver of certain rights, including the right to have "a formal hearing if reported again." The agreement referred Vaish to section 105.13 of the UC Davis Policy on Student Conduct and Discipline, which provides that a student on deferred separation status waives the right to a "formal factfinding hearing." Instead, in the event of a subsequent referral to OSSJA, "the student has an opportunity to meet with a judicial officer for an informal hearing" where "the judicial officer tells the student the information supporting the report, allows the student to respond and to submit any relevant information on his or her behalf." "The student does not have the right to present witnesses or confront or question any witnesses." Lastly, the OSSJA judicial officer is permitted, but not required, to "contact and talk with others to help evaluate the alleged misconduct."

Vaish did not assert below or in her appellate briefs that the deferred separation agreement is invalid or unenforceable. Indeed, in response to Regents' reliance on the agreement in their brief on appeal, Vaish states that "the signing of the agreement is not at issue," and offers no argument as to why the University could not rely on the agreement or a court should not enforce it

19

according to its terms.[7]  Therefore, Vaish was not entitled to a formal factfinding hearing or an opportunity to confront or question her "accuser[s]."  Vaish's reliance on cases that hold that a university must provide a student with a hearing more formal than that to which she agreed or the right to confront and cross-examine witnesses are thus inapposite.

In cases involving student discipline, "the university must comply with its own policies and procedures." (*Doe v. Regents of University of California, supra,* 5 Cal.App.5th at p. 1073; accord, *Doe v. University of Southern California* (2018) 28 Cal.App.5th 26, 35.)  The applicable policies and procedures in this case are those pertaining to students who, like Vaish, have agreed to deferred separation status.  Under the relevant version of rule 105.13 of the UC Davis Policy on Student Conduct and Discipline, Vaish was entitled to an "opportunity to meet with a judicial officer for an informal hearing" where "the judicial officer tells the student the information supporting the report, allows the student to respond and to submit any relevant information on his or her behalf."  "The student does not have the right to present witnesses or confront or question any witnesses."  The OSSJA officer "may contact and talk with others to help

---

[7] During oral argument before this court, Vaish's counsel asserted that the waivers in the deferred separation agreement violate public policy.  He did not elaborate further.  In any case, we do not "consider arguments that are raised for the first time at oral argument." (*Haight Ashbury Free Clinics, Inc. v. Happening House Ventures* (2010) 184 Cal.App.4th 1539, 1554, fn. 9; accord, *Ace American Ins. Co. v. Walker* (2004) 121 Cal.App.4th 1017, 1027, fn. 2.)

evaluate the alleged misconduct." Vaish has not shown that the University failed to comply with these obligations.

Regarding the ECS 150 referral, Derby informed Vaish that OSSJA had received a report concerning her first two projects in ECS 150 that she had "copied code that was posted publicly on github." Derby reminded Vaish of her deferred separation agreement and waiver of the right to a formal hearing and to confront or question witnesses. Derby requested Vaish to schedule a meeting with her, which would "constitute [the] informal hearing" to which Vaish is entitled. Derby and Vaish thereafter met twice, on June 11 and June 24, 2019. Between these two dates, Professor Porquet provided to Derby a report including screenshots of Vaish's code and similar code Porquet found online, annotated with Porquet's comments and analysis. The report also includes Vaish's emails to Porquet, which include her admissions that she looked at and used online sources like Stack Overflow and Github to help her with her projects.

Although our record is largely silent as to what transpired during the meetings between Derby and Vaish, we can infer from email correspondence in the record that Derby provided Vaish with Porquet's report and asked Vaish for a written response, which Vaish provided. There is nothing in the record to suggest that Derby refused to accept any relevant information evidence Vaish offered.

Vaish argues that Derby never produced to her the code from Github that Vaish allegedly plagiarized. Porquet's referral, however, was based primarily on his comparison of Vaish's project submission with those submitted by other students and code found on other online sources, such as Stack Overflow, not Github. Github was relevant to Porquet's investigation only

21

because he learned that the similar submissions from other students had been left publicly accessible on Github.  The fact that the code had been posted on Github, however, appears to have little relevance to the merits of the referral.

Vaish further argues that Derby informed her that she would need to consult a computer science expert to determine whether the similarities between Vaish's work and the work of others was coincidental or plagiarism, yet Derby never did so. Although the record indicates that Derby sought the views of a computer science expert and suggests that she did not retain one, this does not mean that Vaish was deprived of a fair hearing. Under the deferred separation agreement, Derby was permitted, but not required, to "contact and talk with others to help evaluate the alleged misconduct."  Derby may have reasonably decided that she could evaluate the merits of the referral without consulting others.  Porquet's report, we note, describes in detail the similarities between Vaish's work and the work of others, and explains why the similarities "were above the threshold of coincidence" as to project 1 and "staggering" as to project 2. Derby could rely on Porquet's evidence and opinions; an independent expert is not necessary.  (See *Doe v. Regents of University of California*, *supra*, 5 Cal.App.5th at p. 1074 ["the testimony of a single witness, even that of a party, is sufficient to provide substantial evidence to support a finding of fact"].) Moreover, Vaish admitted that she used online sources such as Stack Overflow and Github and failed to cite to these sources— itself a violation of UC Davis's policy against plagiarism.  As Vaish told Derby, she did not deny cheating; rather, she denied cheating in the way Porquet accused her of cheating.  Derby could thus decide whether Vaish committed academic misconduct

22

without consulting with experts, and there is neither a violation of UC Davis's policies nor any unfairness in doing so.

Regarding the MAT 145 referral, Derby gave Vaish notice of Professor Severson's report that she had been copying homework solutions found online. Derby again reminded Vaish of her waiver of rights under the deferred separation agreement and of her rights under the informal hearing process described in the agreement and the University's policies. Derby and Vaish met in person on August 14 and either in person or by telephone on at least one other occasion to discuss the allegations and the evidence. Although Vaish asserts that Derby never presented her with the evidence supporting the decision, she does not support the assertion with a citation to the record. Indeed, the record is largely silent as to what evidence Derby provided to Vaish, when evidence was provided, and what was said during their meetings. It appears that, as of the date of Derby and Vaish's first meeting about this referral on August 14, the evidence consisted of Severson's statements, based on his review of Vaish's homework submissions, that her work was derived from solutions available online, including one answer that "was clearly copied from a solution [Severson] found online." It further appears from our record that the documentary evidence showing the homework question posted on the Chegg site, the posted answer to the question, and the information about the person who posted the question, was not available until after the August 14 meeting.

Even if Derby received the inculpatory information and documents from Chegg after the last meeting between Derby and Vaish and she did not provide Vaish with an opportunity to respond to them, Vaish has not demonstrated that reversal

23

is required.  An administrative procedural error must be deemed harmless unless it is " 'reasonably probable a more favorable result would have been reached absent the error.' " (*Thornbrough v. Western Placer Unified School Dist.* (2013) 223 Cal.App.4th 169, 200.) After Derby's decision, Vaish appealed to UC Davis's Associate Vice Chancellor and presented evidence that, as of September 19, 2019, there was no Chegg account under Vaish's name or associated with her abandoned email address.  Vaish does not refer to any other evidence she might have provided to Derby if she had been provided with the information Derby received from Chegg.  As the Associate Vice Chancellor determined, however, whether she posted the homework question on Chegg is inconsequential:  "The policy violation in question is regarding plagiarism, not online postings," and the evidence establishes that "the content of [Vaish's] homework submission in MAT 145 constitute[s] plagiarism" under UC Davis's "Policy on Student Conduct and Discipline regardless of the posting being connected to [Vaish]." Any failure to provide Vaish with the Chegg information earlier, therefore, was harmless.

## C.  *The Sanction of Dismissal*

Vaish challenges the severity of the sanction imposed on her, arguing that dismissal is punishment too harsh for her misconduct.  We review the University's choice of disciplinary sanction on an abuse of discretion standard and will disturb it in the absence of " ' "arbitrary, capricious or patently abusive" ' " action.  (*Cassidy v. California Board of Accountancy* (2013) 220 Cal.App.4th 620, 627−628.)  No such showing is made here.

Derby imposed the sanction of dismissal based on Vaish's brief, but extensive, history of academic misconduct and noted

24

her particular concern that the MAT 145 incident occurred while the ECS 150 referral was still open, when Vaish was "aware that [she] would be facing dismissal if found responsible for the allegations related to ECS 150." Derby concluded that, despite being given "numerous opportunities" . . . "to understand and comply with the expectations regarding academic honesty," and UC Davis's "efforts to help [Vaish] to understand the rationale for the policies, [Vaish] repeatedly engaged in academic misconduct." Vaish's conduct, Derby concluded, demonstrated that she is "either unable or unwilling to abide by UC Davis polic[ies]" and, therefore, she "cannot continue as a student or earn a degree from UC Davis." Derby's reasons are well-supported by the record and her conclusion is well within the scope of her discretion. Accordingly, we will not disturb the University's choice of sanction.

## DISPOSITION

The judgment is affirmed.  The respondent is awarded its costs on appeal.

NOT TO BE PUBLISHED.

ROTHSCHILD, P. J.

We concur:


CHANEY, J.


BENKE, J.*

---

**\*** Retired Associate Justice of the Court of Appeal, Fourth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.